```
              UNITED STATES DISTRICT COURT

              EASTERN DISTRICT OF LOUISIANA


MATTHEW VIÑAS                              CIVIL ACTION

Versus                                     NO. 10-03211

CHIEF RONAL E. SERPAS, ET AL.              SECTION: "F" "4"
```

                         ORDER AND REASONS

Before the Court is the defendants' motion for partial summary judgment.  For the reasons that follow, the motion is GRANTED.

                            Background

This case arises out of plaintiff's arrest by officers of the New Orleans Police Department while he was partying on Bourbon Street during a visit to New Orleans.

During the early morning hours of October 4, 2009, plaintiff and his friend were visiting Bourbon Street.  Plaintiff had a few drinks while there.  At one point in the night, plaintiff was on the balcony of a Bourbon Street bar and threw beads from the balcony onto the street.  Shortly after coming out of the bar, two New Orleans Police officers handcuffed plaintiff and arrested him.  The plaintiff complained more than once that his handcuffs were too tight, and one of the officers loosened his cuffs. (Plaintiff's handcuffs were too tight for approximately ten minutes).  Plaintiff was taken to Central Lockup for the night

                                 1

and was released the next day.  The reasons given for the arrest were plaintiff's public drunkenness and disturbing the peace.

Plaintiff filed this suit in September 2010, asserting numerous claims against, among others, the two officers who arrested him, the City of New Orleans, and the New Orleans Chief of Police.  As one of his claims, plaintiff contends that the arresting police officer used excessive force in handcuffing him and hurt his wrists.  Plaintiff asserts excessive force claims under both federal and state law.  Plaintiff also asserts a municipal liability claim against the City of New Orleans, asserting broadly that the City had a policy or custom of encouraging intimidating and abusive treatment of people when police officers arrest them.  The pending motion seeks summary relief on the excessive force and municipal liability claims.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Plaintiff's excessive force claims

### A. Excessive force claim under federal law

A claim under federal law that a law enforcement officer used excessive force in apprehending or arresting a person is analyzed under the Fourth Amendment to the United States

3

Constitution. Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865, 104 L.Ed. 2d 443 (1983). To establish an excessive force claim, the plaintiff must demonstrate: "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler, 242 F.3d 307, 314 (5th Cir. 2001). Further, the "injury must be more than a de minimis injury and must be evaluated in the context in which the force was employed." Id. As the Fifth Circuit has expressly held, "handcuffing too tightly, without more, does not amount to excessive force." Id.

Plaintiff points to nothing that might establish that he received an injury as a result of being handcuffed too tightly. Plaintiff admitted in his deposition that he never received treatment for his wrists. He further stated that he never told anyone about his wrists being harmed when he arrived at Central Lockup after his arrest. Reminded of the Fifth Circuit's injunction that "handcuffing too tightly, without more, does not amount to excessive force," the Court grants defendant's motion for partial summary judgment as to plaintiff's federal excessive force claim.

B. Excessive force claim under state law

Under Louisiana law,

> The use of force by law enforcement officers
> must be tested by the "reasonable force"
> standard established by La. Code Crim. Proc.
> Ann. art. 220. The test precludes clearly

4

> inappropriate force. The use of force when necessary to make an arrest is a legitimate police function. But if the officers use unreasonable or excessive force, they and their employer are liable for any injuries which result. Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case.

Robertson v. Hessler, 13 So. 3d 1214, 1226 (La. Ct. App. 2009). Even under this test, the Court finds that tight handcuffs do not equate with excessive force, without more.  As with plaintiff's claim for excessive force under federal law, on this record, the plaintiff fails to allege an actual injury, beyond the temporary discomfort of the tight handcuffs.

### III. Plaintiff's municipal liability claim

The Fifth Circuit has held that,

> A municipality is liable under § 1983 for a deprivation of rights protected by the Constitution or federal laws that is inflicted pursuant to official policy. Official policy is: 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

Bennett v. Slidell, 735 F.2d 861, 862 (5th Cir. 1984).  The Court

finds nothing in the record which would tend to establish that the City of New Orleans had an official policy of encouraging intimidating and abusive treatment of people when officers arrest them.  Plaintiff has failed to point to either a policy statement, ordinance, or regulation, or a persistent widespread practice that would support their claim for municipal liability.  Plaintiff's observation that "the recent history of the New Orleans Police Department may of itself be sufficient to satisfy the 'culpability and causation' test required by Monell" is a telling admission of plaintiff's inability to do more than hope.

Plaintiff's remaining federal claims are: (1) false arrest in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution; (2) conspiracy on the part of the New Orleans Police Department in violating plaintiff's civil rights; and (3) violation of plaintiff's equal protection rights under the U.S. Constitution as a result of plaintiff's false arrest, false charging, and denial of a good faith prosecution.  Plaintiff's remaining state law claims relate to alleged violations of plaintiff's rights under the Louisiana State Constitution and Louisiana state statutes.  The officers allegedly violated plaintiff's rights to: due process of law, individual dignity, privacy, judicial review, human treatment, and access to courts under the Louisiana Constitution.  Further, plaintiffs contend violations of state statutes for battery,

kidnaping, false imprisonment, extortion, negligence, and imprudence or want of skill.

Accordingly, IT IS ORDERED: that the defendants' motion is GRANTED with respect to plaintiff's claims for excessive use of force under both state and federal law, as well as plaintiff's claim for municipal liability.

New Orleans, Louisiana, September 21, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE