UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW VINAS                                                        CIVIL ACTION

VERSUS                                                               NO. 10-3211

RONAL E. SERPAS ET AL.                                               SECTION "H"(4)

**ORDER & REASONS**

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 45.) For the reasons that follow, the Motion is GRANTED. Plaintiff's remaining federal and state law claims are DISMISSED.

**BACKGROUND**

On October 4, 2009, Plaintiff visited Bourbon Street with a few friends and was arrested for public intoxication and disturbing the peace. The arresting officer was Gregory Hill, Jr., an officer with the New Orleans Police Department. The charges against Plaintiff were ultimately dropped and expunged from his record. On September 21, 2010, Plaintiff brought the current suit alleging,

1

among other things, that his arrest was unlawful and that the arresting officer used excessive force during the arrest. On September 21, 2011, the Court granted Defendants' Motion for Partial Summary Judgment (Doc. 14) and dismissed Plaintiff's state and federal excessive force claims and municipal liability claims (Doc. 29). Plaintiff's remaining federal claims are: (1) false arrest; (2) conspiracy to violate Plaintiff's civil rights; and (3) equal protection and due process violations. Plaintiff also brings due process claims under state law, as well as state law claims for battery, kidnapping, false imprisonment, extortion, negligence, and imprudence or want of skill.

Defendants filed the current Motion on April 17, 2012. (Doc. 45.) Plaintiff opposed the Motion on May 1, 2012 (Doc. 46), and Defendants filed their Reply on May 4, 2012 (Doc. 51). The Court took the Motion under submission on May 9, 2012. For the following reasons, the Motion is granted and Plaintiff's claims are dismissed.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts

2

in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

The Court finds that no genuine issue of material fact exists as to Plaintiff's federal claims. Plaintiff has failed to show that his arrest was unlawful, and Officer Hill is entitled to qualified immunity. Additionally, Plaintiff has presented no evidence supporting his conspiracy claim under 42 U.S.C. § 1983. Lastly, Plaintiff has not established an equal protection or due process violation. Accordingly, Plaintiff's federal claims are dismissed.

Plaintiff's state law claims are also dismissed. As Plaintiff has not established that his arrest was unlawful, he has nothing to support his state law due process claim. Plaintiff also fails to produce evidence supporting his battery, kidnapping, false imprisonment, extortion, negligence, and imprudence or want of skill claims. Accordingly, Plaintiff's state law claims are dismissed.

Although Plaintiff argues that genuine issues of material fact exist under the law of the case doctrine, the Court does not find this argument persuasive. Specifically, Plaintiff argues that a previously filed pretrial order established the law of the case because the Court signed the order. The law of the case doctrine, however, "[a]pplies only to issues that were actually decided . . . ." *Lindquist v. City of Pasadena Texas,* 669 F.3d 225, 238-39 (5th Cir. 2012). The pretrial order does not contain any decisions of the Court. As a result, statements contained in the pretrial order are not the law of the case.

I. *Plaintiff's Federal Claims*

Plaintiff brings federal law claims for false arrest, conspiracy, violation of his equal protection rights, and violation of his due process rights. For the reasons that follow, Plaintiff's federal claims are dismissed.

A. *False Arrest Claim*

The Court grants summary judgment as to Plaintiff's federal false arrest claim. Defendants argue that Plaintiff's false arrest claim should be dismissed because probable cause existed for Plaintiff's arrest and because Officer Hill is entitled to qualified immunity. In response, Plaintiff

argues that summary judgment is inappropriate because genuine issues of material fact exist as to this claim.

        *i.*        *Probable Cause for Plaintiff's Arrest*

The Court finds that probable cause existed to arrest Plaintiff. To prevail on a Section 1983 claim for false arrest or false imprisonment claim, a plaintiff must show that the arresting officer did not have probable cause for the arrest. *McAllister v. DeSoto County, Miss.,* No. 11-60482, 2012 WL 1521642, at *5 (5th Cir. May 1, 2012). The Fourth Amendment protects persons against unreasonable seizures. U.S. Const. amend. IV. A warrantless arrest in a public place satisfies the Fourth Amendment if the offense committed is a felony, or if it is a misdemeanor committed in the arresting officer's presence, and probable cause supports the arrest. *Maryland v. Pringle,* 540 U.S. 366, 369-70 (2003).

"Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty v. Tex. S. Univ.,* 391 F.3d 653, 655 (5th Cir. 2004). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). A showing of probable cause requires less evidence than would be required for conviction beyond a reasonable doubt; however, it does require more than a "bare suspicion of wrongdoing." *United States v. Ho,* 94 F.3d 932, 935-36 (5th Cir. 1996) (quoting *United*

5

*States v. Wadley,* 59 F.3d 510, 512 (5th Cir. 1995). When evaluating whether probable cause existed, courts give deference to the inferences and deductions of a trained police officer. *United States v. Sanchez-Pena,* 336 F.3d 431, 437 (5th Cir. 2003).

Officer Hill arrested Plaintiff for public intoxication and disturbing the peace. Under Section 54-405 of the Municipal Code of Ordinances, "[i]t is unlawful for any person to appear in a public place manifestly under the influence of alcohol . . . to the degree that he may endanger himself or other persons or property." New Orleans, La., Code § 54-405 (2012). The Municipal Code also outlaws disturbing the peace, which it defines as "[t]he intentional performance of any of the following acts . . . (6) to act in a violent or tumultuous manner toward another whereby any person is placed in fear of safety of his life, limb or health." *Id.* § 54-403.

Giving deference to the inferences and deductions of Officer Hill, the Court finds that, based on the "totality of the circumstances," probable cause existed to arrest Plaintiff. Plaintiff has not met his burden of providing evidence that Officer Hill did not have probable cause to arrest him for public intoxication or disturbing the peace. Officer Hill testified in his deposition that he has been a police officer in the district where he arrested Plaintiff for six years, and that he is assigned to Bourbon Street. (Doc. 45-3, p. 26.) Accordingly, the Court finds that Officer Hill is a trained officer, capable of making observations that may escape non-officers, whose inferences and deductions are entitled to the Court's deference.

The evidence on the record supports a finding that Officer Hill had probable cause to arrest

Plaintiff. In his Complaint, Plaintiff admits that he "had alcoholic beverages" at the establishment where he was immediately prior to his arrest. (Doc. 1, ¶¶ 13-14.) He also admits to having "several drinks over the course of the hours [he] was on Bourbon Street." (*Id.*) In his deposition, Plaintiff testified that he tossed a few beads from the balcony onto the street. (Doc. 45-1, p. 9.) Additionally, the testimony of Devin Richmond, Plaintiff's friend who was present at the time of Plaintiff's arrest, confirms that Plaintiff consumed several alcoholic beverages that night and threw beads from the balcony. (Doc. 45-2, pp. 14, 17.)

Officer Hill's testimony also supports a finding that probable cause existed to arrest Plaintiff. Specifically, Officer Hill testified that Plaintiff threw beads off of the balcony. (Doc. 45-3, p. 11.) He also testified that Plaintiff had a strong odor of alcohol on his breath and on his person, and that Plaintiff's motor functions were impaired. (*Id.*, p. 24.) Importantly, Officer Hill testified that, given Plaintiff's actions and impaired motor skills, he determined that Plaintiff was a threat to himself and to the public. (*Id.*, p. 42.) Specifically, Officer Hill testified that he believed Plaintiff's motor skills were impaired because as Plaintiff threw beads from the balcony, "[h]is motion was kind of like in a staggered drawn-out motion, like a lazy type, you know, flailing of the hand. (*Id.*, p. 29.)

Based on the totality of the circumstances as outlined above, the Court finds that probable cause existed for Plaintiff's arrest. Accordingly, the Court grants summary judgment as to Plaintiff's federal claim for false arrest.

7

### ii. Qualified Immunity of Officer Hill

Even if probable cause did not exist for Plaintiff's arrest, Officer Hill would be entitled to qualified immunity. "The doctrine of qualified immunity protects government officials `from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The burden is on the plaintiff to show that "(1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (internal citation omitted). A court must decide the legal issue of qualified immunity based only upon the undisputed facts. *Johnson v. Jones*, 515 U.S. 305, 313 (1995) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, n. 10 (1985)). Courts have discretion to address either prong of the qualified immunity analysis first. *Waganfeald v. Gusman,* 674 F.3d 475, 484 (5th Cir. 2012).

"Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson,* 555 U.S. at 231. The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, — U.S. ----, ----, 132 S.Ct. 1235,

1244-45 (2012) (citations and internal quotation marks omitted). A police officer is entitled to qualified immunity if a reasonable officer in the same position could have believed that there was a fair probability that the arrestee has committed or was committing an offense. *United States v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001). "There must not even arguably be probable cause for the . . . arrest for immunity to be lost." *Id.* (internal quotation and citation omitted).

As previously explained, this Court finds that Plaintiff's arrest was lawful and that Plaintiff has not established a violation of his constitutional rights; however, even if Plaintiff's arrest had been unlawful, the Court finds that a reasonable officer in the same position as Officer Hill could have believed the arrest to be lawful. Plaintiff has not met his burden of providing evidence that Officer Hill could not have reasonably believed that probable cause existed to arrest Plaintiff for public intoxication or disturbing the peace. The undisputed facts as outlined in the previous section of this Order establish that, at the very least, probable cause arguably existed to arrest Vinas for public intoxication or disorderly conduct. Accordingly, the Court finds that Officer Hill is entitled to qualified immunity and cannot be held liable to Plaintiff.

B.  *Section 1983 Conspiracy Claim*

The Court grants summary judgment as to Plaintiff's federal conspiracy claim. Plaintiff alleges that Defendants acted in concert to violate his constitutional rights. Defendants, however, argue that Plaintiff has not properly alleged or proven a conspiracy claim. The Court agrees.

In order to prevail on a § 1983 conspiracy claim, a plaintiff must establish "[t]he existence

9

of a conspiracy involving state action and a deprivation of civil rights in furtherance of that conspiracy." *Thompson v. Johnson,* 348 Fed. Appx. 919, 922 (5th Cir. 2009). The plaintiff also "[m]ust show that the defendants agreed to commit an illegal act." *Id.* (quoting *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982)).

The Court finds that no genuine issue of material fact exists as to Plaintiff's conspiracy claim. In addition to not showing a violation of his constitutional rights, Plaintiff has failed to present any evidence that Defendants agreed to violate his rights. In other words, Plaintiff has not offered specific facts that create a genuine issue for trial. Accordingly, Plaintiff's federal conspiracy claim is dismissed.

C.     *Plaintiff's Federal Equal Protection and Due Process Claims*

The Court grants summary judgment as to Plaintiff's claims under federal law for equal protection and due process violations. Plaintiff alleges that Defendants violated his due process and equal protection rights because they illegally arrested him, falsely charged him, and denied him a good-faith prosecution and fair trial. Defendants argue that Plaintiff may not make claims for equal protection and due process violations because the sole source of constitutional protection in this case is the Fourth Amendment.

The first step in a Section 1983 analysis is to identify the constitutional right that a plaintiff alleges was infringed. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Baker v. McCollan,* 443 U.S. 137, 140 (1979). When a particular amendment "provides an explicit textual source of

10

constitutional protection, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham,* 490 U.S. at 395. The Fourth Amendment protects persons against unreasonable seizures. U.S. Const. amend. IV.

The Fourth Amendment is the proper test under which to analyze Plaintiff's claim under section 1983 because it provides an explicit textual source of protection against unreasonable seizure. As a result, Plaintiff may not also bring claims for alleged violations of his due process rights. In addition, regardless of the constitutional doctrine the Court applies to Plaintiff's claims, the fact remains that Plaintiff has not established that his arrest was unlawful. Accordingly, no violation of Plaintiff's federal constitutional rights occurred. Plaintiff's federal due process and equal protection claims are dismissed.

*II.    Plaintiff's State Law Claims*

Plaintiff's remaining state law claims are claims for violations of his due process of law, individual dignity, privacy, judicial review, human treatment, and access to court rights. Plaintiff also alleges claims for battery, kidnapping, false imprisonment, extortion, negligence, and imprudence or want of skill. For the following reasons, these claims are dismissed.

*A.    False Arrest, False Imprisonment, and Kidnapping Claims*

The Court grants summary judgment as to Plaintiff's state law claims for false arrest, false imprisonment, and kidnapping. Plaintiff has failed to provide evidence that establishes an essential element of his claim for false imprisonment and false arrest. Louisiana law does not recognize a

civil kidnapping claim.

In Louisiana, false arrest and false imprisonment are not recognized as separate torts. *Parker v. Town of Woodworth*, No. CA 11-1275, 2012 La. App. LEXIS 256, at *7-8, 86 So.3d 141 (La. App. 3 Cir. 2012) (internal citations omitted). A claim for false arrest or false imprisonment under Louisiana law requires a plaintiff to establish both: "(1) detention of the person; and (2) the unlawfulness of the detention." *Richard v. Richard*, 74 So.3d 1156, 1159 (La. 2011). Unlawful detentions are those made "without color of legal authority." *O'Connor v. Hammond Police Dept.*, 439 So.2d 558, 559 (La. App. 1 Cir. 1983). The burden is on the plaintiff to show that the arrest was unlawful. *Id*. A police officer "doing his duty in good faith" will not be held liable for false arrest or false imprisonment. *Gibson v. State*, So.2d 782, 788 (La. 2000). An officer making an arrest acts in good faith "if the arrest is based on probable cause." *Id.*

Louisiana's probable cause standard is similar to the federal probable cause standard. "Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense." *Id.* (internal citations omitted). Like the federal probable cause standard, "a degree of uncertainty may exist," and "an officer need not have sufficient proof to convict but must have more than a mere suspicion." *Id.* (internal citations omitted).

As discussed previously, Plaintiff has not met his burden of showing that his arrest was

unlawful under federal law. Applying the similar Louisiana probable cause standard, the Court finds that Plaintiff has also not established that his arrest was unlawful under Louisiana law because probable cause existed for the arrest. *See, infra,* section I(A)(i). As a result, Plaintiff cannot establish a necessary element of a claim for false arrest or false imprisonment. Accordingly, Plaintiff's state false arrest and false imprisonment claims are dismissed.

### B. Plaintiff's Battery Claim

Summary judgment is also granted as to Plaintiff's battery claim. Defendants urge the Court to dismiss Plaintiff's battery claim because the Court previously dismissed Plaintiff's excessive force claim, finding that Plaintiff did not establish that he received an injury from being handcuffed too tightly. Plaintiff's opposition to summary judgment does not specifically address his battery claim.

Under Louisiana law, battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact . . . ." *Caudle v. Betts*, 512 So.2d 389, 391 (La. 1987). "Under ordinary circumstances the use of reasonable force to restrain an arrestee shields a police officer from liability for battery." *Ross v. Sheriff of Lafourche Parish*, 479 So.2d 506, 511 (La. App. 1 Cir. 1985).

The evidence shows that Officer Hill arrested and handcuffed Plaintiff. Initially, Plaintiff made statements that the handcuffs were too tight. After about ten minutes, the handcuffs were loosened. In light of the circumstances, Officer Hill's use of force was not unreasonable. He

13

handcuffed Vinas, which is standard procedure during an arrest. Additionally, the handcuffs were loosened at Plaintiff's request. As no unreasonable force was used during the arrest, Plaintiff's battery claim is dismissed.

### C. *Plaintiff's Extortion Claim*

There does not appear to be a cause of action for extortion under Louisiana tort law. In any case, Plaintiff has failed to show evidence of any "communication of threats to another with the intention thereby to obtain anything of value or any acquittance, advantage, or immunity of any description." La. Rev. Stat. Ann. § 14:66 (West 2012). Accordingly, Plaintiff's extortion claim is dismissed.

### D. *Remaining State Law Claims*

As Plaintiff has failed to establish that his arrest was unlawful, he has not shown that a genuine issue of fact exists as to whether the officers violated his rights to due process of law, individual dignity, privacy, judicial review, human treatment, and access to courts under the Louisiana Constitution.

Plaintiff also alleges claims against New Orleans City and Ronal Serpas. This Court previously dismissed Plaintiff's claims for municipal liability. Because Plaintiff has failed to establish that his arrest was unlawful, Defendant Serpas cannot be found liable under the theory of *respondeat superior*. In addition, the record does not establish that Defendants were negligent for failing to adopt sufficient policies to deter violation of Vinas's civil rights or to have negligently

hired, trained, or retained the officers involved in this matter. Accordingly, Plaintiff's remaining state law claims are dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's remaining federal and state law claims are dismissed. Judgment shall be entered in accordance with this Order.

New Orleans, Louisiana, this 11th day of June, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**